IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 20-CR-40051-SPM |
| KENNETH D. WHITE, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court are two motions filed by Defendant Kenneth D. White. The first is a Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33. (Doc. 99). The second is a Motion for Dismissal, which White claims is pursuant to Federal Rule of Criminal Procedure 12(h)(3). (Doc. 101). The Government filed its Response to White's Motions (Docs. 110, 111) and White filed a Reply to the Government's Response to the Motion for a New Trial. (Doc. 122). For the reasons set forth below, the motions are denied.

### BACKGROUND

On May 5, 2021, White was convicted by a jury of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b). (Docs. 47, 50). On July 23, 2021, White was sentenced to 151 months' imprisonment, eight years' supervised release, fines, and special assessments. (Docs. 69, 73.)

On March 17, 2022, White filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. *See White v. United States*, 22-CV-00546-SPM

(SDIL), (Doc. 1). This Court denied White's motion. (*Id.* Doc. 30.) After several motions for "reconsideration" (*Id.* Doc. 32) and "objections" (*Id.* Doc. 34) to this Court's rulings regarding White's § 2255 Motion, this Court found White's repeated filings as attempts to file successive § 2255 petitions, for which the Court lacked jurisdiction. *Id.* White has filed an appeal of these decisions in the Seventh Circuit Court of Appeals. White has now filed the instant Motion for a New Trial and Motion to Dismiss.

## ANALYSIS

### I. Motion for a New Trial

White has filed the instant Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33. A motion pursuant to Rule 33 must be filed within 14 days of the jury's verdict, or three years if the motion is based on "newly discovered evidence." FED R. CRIM. P. 33. A motion for new trial based on newly discovered evidence must show the new evidence: "(1) was discovered after trial, (2) could not have been discovered sooner through the exercise of due diligence, (3) is material and not merely impeaching or cumulative, and (4) probably would have led to acquittal." *United States v. Coscia*, 4 F.4th 454, 465 (7th Cir. 2021). "The recantation of an important witness fits this description; new DNA analysis or other scientific evidence also would come within Rule 33." *United States v. Rollins*, 607 F.3d 500, 504 (7th Cir. 2010).

White argues that the Court presented improper jury instructions "which omitted materially misdescribed elements of the crime of 18 U.S.C. § 2423(b) are a miscarriage of justice in violation of Fed. Rule 30, and caused prejudice in White's trial…" Doc. 102, p. 9. White is not presenting new evidence, but merely a new legal

argument. White's argument has two fatal flaws. The first is that this argument is untimely. A motion not based on new evidence must be filed within 14 days of the jury's verdict. FED R. CRIM. P. 33. The deadlines set by Rule 33 are rigid: a district court presented with an untimely motion must "refuse to consider it." *United States v. Cavendar*, 228 F.3d 792, 802 (7th Cir. 2020). White is far beyond the fourteen-day deadline set out in Rule 33.

Second, a Motion for a New Trial is the improper motion to present legal arguments. "A defendant whose argument is not that newly discovered evidence supports a claim of innocence, but instead that he has new evidence of a constitutional violation or other ground of collateral attack, is making a motion under § 2255 (or § 2254) no matter what caption he puts on the document." *United States v. Evans*, 224 F.3d 670, 674 (7th Cir. 2000). White is collaterally attacking his sentence by arguing the jury instructions were legally insufficient. "As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255 in the district of conviction." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). As discussed *infra*, White has already filed a § 2255 petition, which was rejected by this Court. Thus, the Court lacks jurisdiction to rule on White's motion.

## II. Motion to Dismiss

White argues this Court lacked subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Rule 12(h)(3) is inapplicable to a criminal case. Even under Rule 12 of the Criminal Rules of Civil Procedure, which provides the basis for a Motion to Dismiss Indictment, White falls short. Rule 12(b)(2) states that a motion attacking the court's jurisdiction may be made at any time while the case is pending.

White's motion to dismiss, regardless of its merits, is time-barred by Rule 12. White's case is no longer pending. He was convicted by a jury on May 5, 2021, sentenced on July 23, 2021, and judgment was entered on that same date. White's appeal was dismissed on March 1, 2022. (Doc. 96). Therefore, the Court need not rule on the merits of White's motion.

## CONCLUSION

Defendant Kenneth D. White's Motion for a New Trial (Doc. 99) and Motion to Dismiss (Doc. 101) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:** December 17, 2024

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
