IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>**KENNETH D. WHITE,**<br><br>**Defendant.** | Case No. 20-CR-40051-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court are three motions filed by Defendant Kenneth D. White. The first is a Motion for Acquittal pursuant to FED. R. CRIM. P. 29(c). (Doc. 128). White also seeks an "extension of time" to file the motion pursuant to FED. R. CRIM. P. 45(b). (*Id.*). The second is a Motion to Appoint Counsel. (Doc. 127). The third is a Motion to Appoint Counsel and for an Evidentiary Hearing. (Doc. 130). The Government filed a Motion to Dismiss White's Motion for Acquittal as untimely. (Doc. 131). However, because the Government did not bring the motion pursuant to FED. R. CRIM P. 12(b), the Court interprets the filing as a response to White's Motion for Acquittal. For the reasons set forth below, White's motions are denied, and the Government's "Motion" is terminated as moot.

## BACKGROUND

On May 5, 2021, White was convicted by a jury of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b). (Docs. 47, 50). On July 23, 2021, White was sentenced to 151 months' imprisonment, eight years' supervised

Page 1 of 7

release, fines, and special assessments. (Docs. 69, 73). White filed an appeal of these decisions in the Seventh Circuit Court of Appeals, which was denied. (Docs. 76, 96).

On March 17, 2022, White filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. *See White v. United States*, 22-CV-00546-SPM (SDIL), (Doc. 1). This Court denied White's motion. (*Id.*, Doc. 30.) After several motions for "reconsideration" (*Id.*, Doc. 32) and "objections" (*Id.*, Doc. 34) to this Court's rulings regarding White's § 2255 Motion, this Court found White's repeated filings as attempts to file successive § 2255 petitions, for which the Court lacked jurisdiction. (*Id.*)

On April 19, 2024, Defendant filed a Motion for New Trial pursuant to FED. R. CRIM. P. 33. (Doc. 99). In addition, Defendant filed a Motion to Dismiss on May 1, 2024. (Doc. 101). The Court denied Defendant's Motions on December 17, 2024. (Doc. 126). In denying Defendant's Motions, this Court found both the Motion for New Trial and the Motion to Dismiss as untimely filed. (*Id.*, pp. 3-4). In addition, this Court found that Defendant's Motion for New Trial was tantamount to a second or subsequent § 2255 petition, which was previously rejected by the Court. (*Id.*, p. 3).

## ANALYSIS

### I. Motion for Appointment of Counsel and Evidentiary Hearing

White's Motion for Appointment of Counsel and Evidentiary Hearing (Doc. 130) is dated December 13, 2024. The Court interprets White's motion is an attempt to have counsel appointed and an evidentiary hearing for his Motion for a New Trial (Doc. 99) and Motion to Dismiss (Doc. 101). As the Court has already denied those motions (Doc. 126), White's motion (Doc. 130) is **DENIED** as moot.

## II. Motion for Appointment of Counsel

White also filed a motion to appoint counsel to assist him in his motion for acquittal. (Doc. 127). There is no constitutional right to counsel in postconviction proceedings. *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). Moreover, this Circuit has determined that there is no statutory right to counsel in criminal cases at the post-conviction stage. *See United States v. Tidwell*, 178 F.3d 946 (7th Cir. 1999) (holding that a criminal defendant is not entitled to the appointment of counsel for a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2)). White points to no additional statutory source mandating that counsel be appointed for assistance with a motion for acquittal. Instead, he argues that the Court should use its discretion to appoint him counsel because of the complex factual and legal questions his motion presents. In support of this argument, White cites to a case from the Eleventh Circuit. Not only is that case not binding on this Court, but the proceeding at issue was a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), not a motion for acquittal under Rule 29. Regardless, this Circuit has previously rejected the argument that criminal defendants are entitled to counsel even in motions filed pursuant to 18 U.S.C. § 3582(c)(1)(A). Thus, White cannot direct the Court to any binding authority requiring the Court to provide White counsel.

Moreover, the Court disagrees with White's assessment of the complexity of the motion. White was able to conduct extensive legal research and compose a fourteen-page brief composed of various legal arguments without the assistance of counsel. The Court is satisfied that the motion for acquittal is not particularly

complex, either factually or legally, and White appears well able to represent himself in this matter. Therefore, the Court will not exercise its discretion to appoint White counsel. White's Motion to Appoint Counsel (Doc. 127) is **DENIED**.

### III.     Motion for Acquittal

Rule 29 requires that a defendant (or his counsel) "move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict ...." FED. R. CRIM. P. 29. White's motion is untimely, as it was filed 1,349 days after the deadline. "[D]istrict courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked." *Eberhart v. United States*, 546 U.S. 12, 17 (2005) (per curiam). Rule 45(b), however, generally permits a district court to grant an extension if the defendant can demonstrate that excusable neglect caused the late filing. FED. R. CRIM. P. 45(b)(1)(B) ("When an act must ... be done within a specified period, the court ... may extend the time ... after the time expires if the party failed to act because of excusable neglect.") The "test for what constitutes excusable neglect is an 'equitable one," taking account of 'all relevant circumstances surrounding the party's omission.'" *United States v. Cates,* 716 F.3d 445, 448 (7th Cir. 2013) (quoting *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998) and *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Factors include "the danger of prejudice [to the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Cates*, 716 F.3d at 448 (quoting *Pioneer*, 507 U.S. at 395).

The *Pioneer* factors weigh strongly against White. First, the length of the delay

is extreme, as he did not file his motion until 1,349 days after the deadline, over three years late. Second, as to the reason for the delay, White primarily argues that his legal arguments "went unnoticed by his various counsels (that presumably practiced due diligence themselves, giving White due diligence by proxy) rendering his neglect to file previously as excusable." (Doc. 128, p. 2). However, the failure of counsel to discover an issue in a timely fashion does not constitute neglect. "If the lawyer's neglect protected the client from ill consequences, neglect would be all too common. It would be a free good." *Stewart v. Caterpillar, Inc.*, 2014 WL 1558112, at *4 (N.D. Ill. Apr. 18, 2014) (quoting *Tango Music, LLC v. Deadquick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003)). White also argues that he was in quarantine for two weeks immediately after being convicted. (Doc. 128, p. 2). This argument fails because White admits that he "had trial counsel, then appellate counsel." (*Id.*). Therefore, White's unavailability did not preclude his lawyer from timely filing a motion, which as discussed above, does not constitute excusable neglect. Third, White argues that there would be no prejudice to the government, as there would be no extra work required. (Doc. 128, p. 2). The Seventh Circuit has rejected this assumption in an excusable neglect analysis. "[W]e take this opportunity to remind litigants that 'district courts must manage a burgeoning caseload, and they are under pressure to do so as efficiently and speedily as they can, while still accomplishing just outcomes in every civil action. Part of that job means that they are entitled—indeed they must—enforce deadlines.'" *Miller v. Chicago Transit Auth.*, 20 F.4th 1148, 1154 (7th Cir. 2021) (citing *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996)). Ultimately, this case was filed nearly four years ago, and White has failed to

demonstrate satisfactorily why a motion pursuant to Rule 29 could not have been filed by the deadline, let alone over three years after his conviction. As the *Pioneer* factors weigh against White, his motion is untimely.

Even if White's motion were timely, the substance of it does not fall within the scope of a Rule 29 motion. "A defendant whose argument is not that newly discovered evidence supports a claim of innocence, but instead that he has new evidence of a constitutional violation or other ground of collateral attack, is making a motion under § 2255 (or § 2254) no matter what caption he puts on the document." *United States v. Evans*, 224 F.3d 670, 674 (7th Cir. 2000). White argues that the court did not have jurisdiction over his criminal case, which is one of the bases for a collateral attack described in § 2255 ¶ 1. "As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255 in the district of conviction." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). As discussed *infra*, White has already filed a § 2255 petition, which was rejected by this Court. Thus, the Court lacks jurisdiction to rule on White's motion. Therefore, White's motion is procedurally improper as it is both time-barred and raises issues outside of the jurisdiction of this case. Accordingly, White's Motion for Acquittal (Doc. 128) is **DENIED**.

## CONCLUSION

Defendant Kenneth D. White's Motion for Acquittal (Doc. 128), Motion to Appoint Counsel (Doc. 127), and Motion to Appoint Counsel and for Evidentiary Hearing (Doc. 130) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 11, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**